# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**HERSHEL MILES, JR.,**                                   **PETITIONER**

v.                                                        **No. 2:04CV349-B-B**

**JODY BRADLEY, ET AL.**                                **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Hershel Miles, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

## Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Delta Correctional Facility at Greenwood, Mississippi, after his conviction in the Circuit Court of Panola County, Mississippi, for uttering a forgery in the amount of $275.00. The petitioner was sentenced July 15, 2002, to life without parole in the custody of the Mississippi Department of Corrections. (R.1 at 31-32)(No. 2002-KA-01134-COA).[1]

The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, asserting the following issues:

> 1) Whether the trial court erred in permitting the petitioner to have only six peremptory challenges instead of twelve peremptory challenges.

---

[1]Citations to the state court record shall be designated as "R." followed by the applicable volume number and page.

2) Whether the trial court erred in denying his proposed peremptory instruction, D-1.

3) Whether the trial court erred in granting the State's jury instructions C-13 and C-14.

4) Whether the verdict of the jury was against the overwhelming weight of the evidence.

5) Whether the sentence of life without parole is cruel and unusual punishment.

On November 4, 2003, the Mississippi Court of Appeals affirmed petitioner's conviction and sentence. *Miles v. State,* 864 So.2d 963 (Miss.Ct.App. 2003), *reh'g denied* (Miss.Ct.App. January 27, 2004) (No. 2002-KA-01134-COA).

On December 17, 2004, Miles filed the instant petition for writ of *habeas corpus*. The state filed a motion to dismiss for failure to exhaust on February 15, 2005. The petitioner filed a motion to amend his petition by allowing him to withdraw Ground 4 and proceed only on the first three exhausted claims. The court granted petitioner's motion to amend and, on October 11, 2005, ordered respondents to answer the petition.

On May 23, 2005, the petitioner filed an Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court (Cause No. 2005-M-01005), asserting the following claims:

1) Petitioner was denied due process of law because the jury did not determine his eligibility for sentence enhancement in violation of an intervening decision.

2) Petitioner's sentence of life without parole is grossly disproportionate and cruel and unusual punishment.

By order filed June 16, 2005, a panel of the Mississippi Supreme Court denied the petitioner's application, finding that he failed to make a "substantial showing of the denial of a state or federal right as required by Miss. Code Ann. §99-39-27(5)."

Miles raises the following issues in the instant petition for writ of *habeas corpus*:

**Ground 1** - Trial court would not permit petitioner to 12 peremptory challenges.

**Ground 2** - Trial court denied proposed peremptory instruction.

**Ground 3** - Trial court erred in sentencing petitioner to habitual sentence which constitutes cruel and unusual punishment.

## Grounds One and Two: Procedurally Barred

The petitioner raised the claims in Grounds One and Two on direct appeal of his convictions, and the Mississippi Court of Appeals denied those claims on the merits. The petitioner did not seek a writ of *certiorari* in the Mississippi Supreme Court. As such, the petitioner is precluded from bringing a federal petition for a writ of *habeas corpus* because these issues were not fully exhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)(requiring federal *habeas* petitioners to seek *certiorari* review in state's highest court before filing federal petition for a writ of *habeas corpus*). A return to the state courts would now be futile because the time for seeking a petition for a writ of *certiorari* has long expired. As such, the petitioner's federal *habeas corpus* claims in Grounds One and Two have been procedurally defaulted and are now barred from federal review. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Further, the petitioner has shown neither cause for the state default nor actual prejudice from it. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). In addition, he has not argued that failure to consider the claims on the merits will result in a fundamental miscarriage of justice. *Id.* The posture of this case meets the criteria for procedural bar, and the petitioner presents no argument to overcome that bar. As such, Grounds One and Two of the instant

petition for a writ of *habeas corpus* shall be dismissed with prejudice as procedurally barred.

### Ground Three: Decided on the Merits in State Court

The Mississippi Supreme Court has already considered Ground Three on the merits and decided that issue against the petitioner; hence, This claim is barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless it meets one of the two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claim challenges both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a

question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground Three of the instant petition.

Nevertheless, under § 2254(d)(2) Ground Three may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move Ground Three beyond § 2254(d), which bars from *habeas* review issues already decided on the merits.

The petitioner was sentenced to life in prison under MISS. CODE ANN. § 99-19-83, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such

person be eligible for parole or probation.

MISS. CODE ANN. § 99-19-83. Evidence of the petitioner's extensive criminal record was introduced at trial and is summarized below.

| Tennessee Convictions | Sentence | Time Served on Conviction |
|---|---|---|
| Sale of Cocaine | 3 years | 1 year, 5 months, 13 days |
| Burglary, Non Residence | 2 years | 1 year, 6 months, 6 days |
| Robbery | 4 years | 1 year, 6 months, 1 day |
| Burglary | 4 years | 2 years, 6 months, 21 days |
| Aggravated Burglary | 8 years | 3 years, 8 months, 18 days |

| Kansas Conviction | Sentence | Time Served on Conviction |
|---|---|---|
| Burglary | 2 years, 3 months | 22 to 24 months (established by the petitioner's testimony) |

The evidence introduced at trial proved that the petitioner had accumulated six previous felony convictions, including the violent felony of robbery, over a ten-year period. The circumstances under which a federal court might find a sentence grossly disproportionate to the crime are "exceedingly rare" and "extreme" cases. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The instant case is nearly indistinguishable from *Lockyer*, in which defendant Leandro Andrade, a heroin addict, had accumulated numerous felonies and misdemeanors (thefts, residential burglaries, and transportation of marijuana) from the years 1982 to 1990. *Id.* Andrade then – in two separate incidents – stole a total of nine videotapes (worth $153.54) from K-Mart – and ran afoul of California's Three Strikes Law. *Id.* He was found

guilty by a jury and sentenced under that law to two consecutive terms of 25 years to life. *Id.* The sentences were upheld by the California Supreme Court, and Andrade filed a petition for a writ of *habeas corpus* in federal district court. *Id.* The district court denied the petition, but the Ninth Circuit vacated the district court's judgment, finding that the California courts had unreasonably applied clearly established federal law to Andrade's case – and that the sentence of fifty years to life was grossly disproportionate to the crime of stealing $153.54 worth of videotapes. *Id.* The United States Supreme Court reversed the Ninth Circuit's decision, holding that the Court's precedent regarding application of the gross disproportionality rule was not clearly established, and, in any event, Andrade's case was not "exceedingly rare" or "extreme." *Id.* As such, the California courts were not objectively unreasonable in determining that Andrade's sentence did not run afoul of the Eighth Amendment prohibition against cruel and unusual punishment as grossly disproportionate to the crime he committed.

The instant case is factually similar to the *Lockyer* case. The criminal history of the defendants is extremely similar, and each committed a relatively minor property crime. The only difference of note is that Andrade, who was sentenced to fifty years to life, had the opportunity for parole, while the petitioner in this case was sentenced to life without parole. The Court itself acknowledged the murkiness surrounding the rule of gross disproportionality and, based upon the uncertainty in the law, declined to distinguish between sentences with or without parole for the analysis. *Id.* Given this precedent, the court cannot find that the law of gross disproportionality is clearly established, and thus the state courts of Mississippi did not unreasonably apply clearly established federal law in sentencing the petitioner Miles to life without parole for uttering forgery. Therefore, the Mississippi Supreme Court's ruling upholding this claim on the merits

must stand.

In sum, all of the petitioner's claims are without merit, and the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of April, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE